IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF JESSIE MILLER, et al.,

    Plaintiffs,

v.                                          Case No. 10-CV-807

RYAN TOBIASZ, et al.,

    Defendants.

---

**PROTECTIVE ORDER**

---

The Court enters the following order to enable the parties and their experts to examine relevant documents and give testimony about their conclusions based on those documents and to enable the parties to adequately prosecute and defend this litigation. The Court recognizes that each party reserves all rights to object, for any reason, to any discovery request made by any other party, and that no party consents to any particular discovery request made by any other party. The purpose of this Order is instead to facilitate the exchange and use of certain documents in this case in ways that protect third party rights and that avoid violations of applicable laws and regulations.

    1.    Counsel for both parties may have access to records in the possession and control of the Wisconsin Department of Corrections (WDOC) and the Wisconsin Department of Health Services (WDHS) that relate to the medical, dental, mental health care or of the social service or correctional history of Jessie Miller, and that might otherwise be subject to confidentiality restrictions. Counsel for both parties may also designate records not listed above as confidential by so designating the document at the time of production or inspection.

- 2 -

2. Counsel for plaintiffs may share confidential records or information from confidential records and clinical files or personally identifying information from confidential records with the following individuals only:

(a) Robert Bertram, as executor of Jessie Miller's estate;

(b) plaintiffs' experts, as provided herein;

(c) counsel's legal, clerical and other staff;

(d) court personnel;

(e) court reporters and deponents;

(f) any outside mediator retained by mutual consent of the parties;

(g) other persons stipulated in writing by mutual agreement as provided herein or authorized by order of the Court.

3. Counsel for defendants may share information from confidential records with the following:

(a) their clients;

(b) persons designated to represent named defendants for the purposes of defending and/or resolving this lawsuit;

(c) Current or former WDOC and WDHS health services employees or employees of health services organizations under contract to WDOC or WDHS who provided treatment to Jessie Miller;

(d) current or former employees of Columbia Correctional Institution, to the extent reasonably necessary for the litigation of this action;

(e) current or former employees of Wisconsin Resource Center, to the extent reasonably necessary for the litigation of this action;

(f) experts or consultants retained for purposes of defending this lawsuit;

(g) Department of Corrections and Department of Justice legal and clerical staff, as well as individuals or employees of vendors retained to provide clerical services;

(h) court personnel;

(i) deponents and court reporters; and

(j) other persons as provided herein or authorized by order of the court.

4. Counsel for either party may share information from confidential records, including the record itself, with expert witnesses retained by the party for this case, conditioned on those experts signing a copy of this protective order. The expert's written agreement to accept these terms must be filed with opposing counsel before they may examine confidential records or information from the records.

5. If an expert believes that his or her report must reference confidential records, the expert may do so but must then submit his or her report to counsel or the Court under seal. Such reports shall remain under seal and be subject to in camera inspection only by the court until opened by agreement of counsel for both parties or by order of the Court. Portions of deposition transcripts which reference confidential material or exhibits thereto shall also be maintained under seal subject to these same provisions.

6. An expert designated by either party may discuss confidential information with the counsel who retained him or her or with Robert Bertram as executor of Jessie Miller's estate. The expert may also discuss confidential information with health care providers who provided health care services, with health care staff employed by WDOC and WDHS, and with employees of health services organizations under contract with WDOC or WDHS. However, all such discussions shall remain confidential except to the extent they may be otherwise discoverable or subject to disclosure under the terms of this protective order. Further, the parties and their

counsel agree that any such discussions are subject to the ordinary rules of practice regarding counsel contacting and communicating with persons who are represented by counsel.

7. These procedures shall also apply to examination of pre-sentence investigation reports. However, under no circumstances may counsel, orally or otherwise, share with plaintiffs the statements of victims or witnesses contained in those reports. This order satisfies the requirements of Wis. Stat. § 972.15(4) for disclosure of information from pre-sentence investigation reports.

8. Regarding the personal information of employees of WDOC and WDHS, there shall be no disclosure to any parties or to experts retained by parties of the employees' date of birth, marital status, family information, address, social security number, telephone number, or email address. Such information may be shared among counsel of record and their own employees only.

9. The following documents may be examined by counsel and their experts but may be disclosed to no one else, except upon express order of the Court or by defendants' agreement: mortality reviews, internal investigation, video recordings, post orders, Security Internal Management Procedures, blueprints, and those parts of the WDOC's policy and procedure manuals designated as confidential and/or restricted.

10. With respect to alcohol and drug abuse treatment information ("AODA information"), counsel shall attempt to reach agreement on a procedure for disclosure of AODA information that may be contained in records to the extent necessary for this litigation and consistent with the applicable requirements of federal and state law. In the interim, counsel for defendants and defendant health services employees may review records as necessary to timely respond to discovery requests that do not request AODA information.

- 5 -

11. Counsel for the parties shall exercise reasonable professional judgment in both designating documents as confidential as well as in requesting documents which are confidential. All persons allowed access to confidential records pursuant to this agreement shall take reasonable and necessary measures to maintain the confidentiality of such records, and are prohibited from using or disclosing the confidential records for any other purposes other than litigating or pursuing settlement in this lawsuit.

12. Upon termination of this lawsuit, including termination of any appeal from the final judgment of this Court, all confidential records obtained, disclosed or used pursuant to this order, and any copies thereof, shall be destroyed or returned to the entity that provided the records. In the alternative, counsel shall protect the confidentiality of the records for so long as they are retained by counsel, and shall limit further uses and disclosures of confidential information as required by this Order.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2012.

_____
Hon. William M. Conley
Chief Judge