UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THE ESTATE OF JESSIE MILLER, et al
          Plaintiffs,
  v.
THOMAS MICHLOWSKI, et al.,
          Defendants.

Case No. 10-CV-807

**PLAINTIFFS' REPORT REGARDING STATUS CONFERENCE**

Plaintiffs, by their attorneys, GENDE LAW OFFICE, S.C., respectfully file this status report relative to the October 22, 2012, conference held between the parties:

A Joint Preliminary Pretrial Conference report was filed on September 14, 2012. On September 11, 2012, the District Court ordered the Defendants respond to discovery within thirty days. (D.94:3) Defendants served their responses shortly prior to the court ordered deadline. (Dkt.104) Plaintiffs' attorneys had back to back civil jury trials starting on October 8, 2012 and October 15, 2012, Milwaukee County Case No.10-CV-9934 and Dodge County Case No. 11-CV-270, respectively. As a result, the discovery conference was not held until Monday, October 22, 2012.

The October 22 conference confirmed that the defendants continue to seek substantial limits on oral discovery before a single deposition has been taken. Defendants insist at the summary judgment stage that the scope of discovery should be narrowly limited to the actual subjective knowledge test regarding the claims made against each Defendant. The defendants' attempt to continue to limit discovery does not comport with these summary judgment proceedings sought after defendants' motion to dismiss, after a request for a stay, after 7th Circuit Appeal (District Court affirmed), after motion for En Banc review (denied), after a second motion for a stay (which disregarded the 7th Circuit's clear direction on the case proceeding), and after the District Court's

clear order regarding discovery going forward on the qualified immunity issue **(**District Court will grant motion for stay in "very limited part… parties to cooperate as to the reasonable scope of discovery, which is likely to be fairly broad given the Seventh Circuit's decision on appeal indicating that the second prong of the qualified immunity analysis (whether the right was clearly established) is effectively decided in the affirmative, leaving only the fact-intensive question of whether defendants were deliberately indifferent to the risk of suicide."**)**. (D.94:1,4)

Both the Supreme Court and the Seventh Circuit [in this case] have held that "[i]f the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant official had actual knowledge of the risk." Sanvifle, 266 F.3d at 737 (quoting Farmer, 511 U.S. at 842). Thus, with respect to Nickel and Tobiasz this Court should proceed to determine whether they took reasonable steps to prevent the harm. (D.70-2:8)(emphasis added) Clearly, the 7th Circuit has determined that the allegations in the complaint, much less those facts developed in discovery, are sufficient to allow the trier of fact to infer Nickel and Tobiasz had knowledge, and now the only inquiry is whether they took reasonable steps to prevent the harm. Additionally, there can be no good faith argument that the correctional officer defendants did not have actual knowledge of an emergency situation, the question remains whether they appropriately responded to the the situation. (D.70-2:9-10) As the Seventh Circuit clearly explained, "According to the complaint, the security officers failed to call for medical attention despite finding Miller with no pulse and not breathing on the floor of his cell with a white cloth wrapped around his neck. Plaintiff further alleges that the security officers waited to assemble an entry team and then applied restraints before removing the ligature from around Miller's neck." (D.70-2:9-10) Therefore, the reasonable steps the security officers took after finding Miller in his

cell, actual knowledge, are at issue. Defendants' proposed discovery restrictions do not comply with law, logic, or the prior rulings of this Court of the Seventh Circuit.

Defendants' motion practice has been extensive and plaintiffs have not had the opportunity to take one deposition yet. Defendants now indicate an intent to bring yet another motion for protective order to block discovery items it deems to be overbroad before one question has been asked at deposition.

Dated at Pewaukee, Wisconsin this 23rd day of October, 2012.

                                       **GENDE LAW OFFICE, S.C.,**
                                       Attorney for Plaintiffs

                                       By: s/James J. Gende II
                                       James J. Gende II
                                       State Bar No. 1030921

**MAILING ADDRESS:**
N28W23000 Roundy Dr., Ste.200
Pewaukee, WI 53072
Telephone: 262.970.8500
Facsimile: 262.970.7100
Email: jgende@jamesgendelaw.com